**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK GRIMES,

    Plaintiff,

    v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

No. C 04-4667 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendant's motion to dismiss the above-entitled action for failure to prosecute came on for hearing on February 1, 2006. Plaintiff Frank Grimes did not appear, and defendant appeared by its counsel, Assistant United States Attorney Abraham Simmons. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows and for the reasons stated at the hearing.

**BACKGROUND**

This is an employment discrimination case. Pro se plaintiff Frank Grimes was formerly employed by the Social Security Administration as a Benefit Authorizer under the Federal Career Intern Program, subject to a two-year training program. He was terminated on March 5, 2003, for alleged "inappropriate conduct," following a February 26, 2003, incident in the parking lot outside the federal building where he worked.

Plaintiff filed this action on November 3, 2004, against Jo Anne Barnhart, the Commissioner of Social Security, alleging discrimination on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, and discrimination on the

basis of disability (diabetes), failure to accommodate his disability, and retaliation, in violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  He asserts that he was suspended and then terminated from his employment because of his disability.  Defendant answered the complaint on February 18, 2005.

The court set the initial case management conference for March 3, 2005.  Plaintiff did not appear, and on March 4, 2005, the court issued an order to show cause why the case should not be dismissed for failure to prosecute.  The OSC hearing was set for March 18, 2005.  Plaintiff appeared at the hearing, and the court discharged the OSC.  The court set June 15, 2005, as the date for discovery cut-off, and set July 13, 2005, as the last date for defendant to file a motion for summary judgment.

Beginning in early May 2005, defendant's counsel began attempting to schedule plaintiff's deposition.  He telephoned plaintiff several times, but was unable to get plaintiff to agree on a date.  On June 8, 2005, defendant noticed plaintiff's deposition for June 15, 2005.  Plaintiff did not appear at the deposition, and provided defendant with no explanation for his failure to do so.  On June 28, 2005, defendant filed a motion to compel plaintiff's attendance at his deposition.  The motion was set for hearing on August 17, 2005.  On July 13, 2005, defendant also filed a motion to dismiss for failure to prosecute, or, in the alternative, for summary judgment.  That motion was also noticed for hearing on August 17, 2005.

On August 9, 2005, eight days before the scheduled hearing date, plaintiff filed an opposition to the motion to dismiss and the alternative motion for summary judgment.  However, he did not submit a chambers copy, as required by Civil Local Rule 5-1(b).  Plaintiff apparently served defendant by mail, as defendant's counsel stated at the hearing that he did not receive the opposition until August 12, 2005.

At the August 17, 2005, hearing, defendant argued that the case should be dismissed pursuant to Rule 41(b) for lack of prosecution because plaintiff had failed to appear at the case management conference, failed to appear at his deposition, failed to respond to the motion to dismiss, and failed to otherwise litigate the case.

In a written order issued August 19, 2005, the court denied the Rule 41(b) motion, on the ground that the failure to appear at the CMC had previously been resolved, and that the failure to appear at the deposition and failure to respond to the motion to dismiss were not sufficient to support a dismissal for failure to prosecute. The court also noted that it appeared that plaintiff had filed an opposition to the motion, although it was filed late under the Local Rules.

The court granted the motion to compel plaintiff's deposition, ordering plaintiff to make himself available on September 2, 2005, for up to seven hours. The court advised plaintiff that if he failed to appear for the deposition, the court would dismiss the case. The court deferred ruling on the motion for summary judgment, stating that defendant would be permitted additional time to file a reply to the late-filed opposition. The court directed defendant to file the reply no later than two weeks after the date of plaintiff's deposition.

Defendant asserts that on September 2, 2005, plaintiff telephoned defendant's counsel, and stated that he might arrive late for the scheduled deposition. According to the defendant, the parties agreed that rather than starting late, they would reschedule the deposition for September 8, 2005. Plaintiff appeared at the deposition on September 8, but failed to bring the documents that defendant had requested. After five hours, plaintiff terminated the deposition, claiming health problems – he stated that he had forgotten to take his medication, and that the absence of medication was affecting his ability to testify – notwithstanding the fact that the court had specifically ordered him to make himself available for deposition for up to seven hours.

On October 25, 2005, defendant filed a motion to withdraw the previously-filed motion for summary judgment, and also seeking an order scheduling the completion of plaintiff's deposition and setting a briefing schedule for a renewed motion for summary judgment. Defendant indicated that while plaintiff had terminated the deposition early, the deposition as taken to that point had revealed information not previously available to defendant, and which had not been addressed in the motion for summary judgment as originally filed. Defendant claimed that plaintiff had failed to cooperate with efforts to

3

reschedule the continued deposition, and that he had failed to produce documents he had been directed to produce at the deposition. Plaintiff did not submit any response to defendant's motion.

On October 28, 2005, the court issued a written order granting defendant's request to withdraw the motion for summary judgment, and ordering plaintiff to appear for the completion of his deposition on November 14, 2005, at 2:00 p.m., and to deliver the requested documents to defendant no later than November 7, 2005. The court advised plaintiff that failure to comply with the order might result in sanctions, including dismissal of the case. The court also set a briefing schedule for the new motion for summary judgment – the motion to be filed on November 30, 2005, the opposition to be filed on December 14, 2005, and the reply to be filed on December 21, 2005.

Plaintiff did not appear at the continued deposition on November 14, 2005, did not provide defendant with any of the requested documents, and has apparently made no attempt to contact defendant's counsel about the case since September 8, 2005.

On November 30, 2005, defendant filed the present motion, a renewed motion to dismiss for lack of prosecution (instead of a renewed motion for summary judgment). Defendant has made four attempts to depose plaintiff, and argues that dismissal is warranted because plaintiff has failed to permit the completion of his deposition.

On January 17, 2006, having received no opposition to the present motion, the court set it for hearing at 9:00 a.m. on February 1, 2006. On January 31, 2006, the day prior to the scheduled hearing date, plaintiff filed a declaration. The declaration was not accompanied by a certificate of service, and defendant's counsel indicated at the February 1, 2006, hearing that he did not receive a copy prior to the hearing.

In the declaration, plaintiff states that at the August 17, 2005, hearing, he agreed to make himself available for deposition, and that the deposition was scheduled by defendant's counsel for September 2, 2005, at 9:00 a.m. Plaintiff claims that he arrived at the scheduled time, and "was informed that no arrangements had been made nor scheduled to take a deposition." He asserts that he contacted defendant's counsel's

4

administrative assistant at 9:22 a.m. to ask why the deposition had not been scheduled, and that defendant's counsel contacted him at 9:29 a.m., asking to reschedule. Plaintiff claims that he agreed to be available on September 8, 2005, and that he was informed that the deposition would take only "a few hours."

According to plaintiff, the deposition "went on longer than expected," and he "began to become ill." He claims that [t]he deposition was terminated" when he "could no longer respond to questions and maintain his sense of concentration due to the effects of diabetic Ketoacidosis and amyotrophy." He asserts that at the conclusion of the deposition, defendant's counsel stated that a "reply brief" must be filed by September 16, 2005, and that he would recommend that the case be set for trial. Plaintiff contends that he did not respond to the court's October 28, 2005, order directing him to appear on November 14, 2005, for his continued deposition because he had "taken an extended vacation, with complications."

Plaintiff did not appear when the matter was called for hearing at 9:00 a.m. on February 1, 2006. The court stated on the record that defendant's motion would be granted, and that a written order would be issued. Approximately an hour and a half after plaintiff's case had been called, while the morning calendar was still in progress, plaintiff entered the courtroom. By that time, however, defendant's counsel was no longer present, and the court had already ruled on the motion.

**DISCUSSION**

A.   Legal Standard

A defendant may move for dismissal of the action or of any claim against the defendant "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court." Fed. R. Civ. P. 41(b). In addition, the court has inherent power to dismiss for delay in prosecution or for failure to comply with court orders. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial §16:492.20.

In ruling on an involuntary dismissal motion, the district court must consider the following factors: the court's need to manage its docket, the public interest in expeditious

5

resolution of litigation, the risk of prejudice to defendants from the delay, the warnings to plaintiff (or lack thereof), the policy of favoring disposition of cases on the merits, and the availability of lesser sanctions. Yourish v. Calif. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

B.     Defendant's Motion

Defendant argues that the case should be dismissed for failure to prosecute, based on plaintiff's repeated failure to appear for his scheduled deposition and his failure to allow the deposition to proceed to its conclusion when he did appear.

Rule 41(b) requires that federal actions be prosecuted with "reasonable diligence" in order to avoid dismissal. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The plaintiff bears the initial burden of showing a nonfrivolous explanation for the delay. See Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002).

The court finds that the case should be dismissed pursuant to Rule 41(b) for lack of prosecution and for failure to comply with the orders of the court. Defendant has made four attempts to take plaintiff's deposition. On the first attempt, plaintiff did not appear at all. On the second attempt, plaintiff called from the road and said he would be very late.[1] On the third attempt, plaintiff appeared late, but did not bring his medication, claiming that he did not think the deposition would last so long. On the fourth attempt, after the court had again ordered plaintiff to appear for his deposition, he failed to show up.

The factors set forth in Yourish, above, favor dismissal of the suit. First, the court's interest in managing its docket favors dismissal. Plaintiff's failure to appear at the court-ordered initial case management conference on March 3, 2005, necessitated the issuance of an order to show cause and the setting of a hearing on the OSC and a rescheduled case management conference on March 18, 2005. Following the setting of discovery cut-off

---

[1] As noted above, plaintiff disputes defendant's version, claiming that he arrived for the deposition only to find that no arrangements had been made. Even if the court accepts plaintiff's version as true, however, the court finds that plaintiff has failed to prosecute this action by failing to appear on numerous occasions and that he has also failed to comply with the orders of the court.

6

dates, plaintiff's failure to appear for his deposition necessitated a further hearing on defendant's motion to dismiss for failure to prosecute.  Plaintiff's subsequent failure to appear for the continued deposition necessitated further consideration of a motion to dismiss and the issuance of another order directing plaintiff to complete his deposition. Plaintiff's failure to appear at the deposition as ordered by the court necessitated further consideration of a renewed motion to dismiss and a further hearing, at which plaintiff also failed to appear.  The court was required to conduct these hearings and issue various written orders solely because plaintiff refused to cooperate with defendant's attempts to depose him and failed to comply with various orders of the court.  Such actions on plaintiff's part have contributed to the congestion of an already-crowded docket.

Similarly, the court finds that dismissal in this instance serves the public interest in the expeditious resolution of litigation, because plaintiff's failure to cooperate with discovery and failure to comply with the rules of federal procedure, the civil local rules, and the orders of this court have resulted in a stand-still in the case.

The court also finds that the risk of prejudice to defendants from the delay warrants dismissal.  The Ninth Circuit has held that "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse" for the failure to prosecute. See Yourish, 191 F.3d at 991 (quotation and citation omitted). Here, the court warned plaintiff in the August 19, 2005, order that failure to appear for the deposition would result in dismissal of the case.  Although plaintiff did subsequently appear, he never allowed defendant to complete the deposition.

Thus, in the order issued on October 28, 2005, the court again warned plaintiff that his failure to appear for the completion of his deposition and to provide the requested documents might result in sanctions, including dismissal of the case.  The declaration filed on January 31, 2006, provides no good explanation for plaintiff's failure to comply with the order.  The court does not accept plaintiff's excuse that he could not comply with these orders because he was away on vacation.  Plaintiff filed this lawsuit, and as the plaintiff he was responsible for prosecuting the action and for complying with all court orders.  At no

time between August 17, 2005, and January 30, 2006, did plaintiff communicate with the court.  Moreover, it appears from defendant's papers that plaintiff did not communicate with defendant's counsel at any time after September 8, 2005.

While the policy of favoring disposition of cases on the merits militates against dismissal, the court finds that this policy does not outweigh the factors that favor dismissal.  In general, this is considered a weak factor, which does not preclude dismissal when other factors weigh in its favor.  See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002).

With regard to the availability of lesser sanctions, the court has previously given plaintiff several opportunities to proceed with his case in conformance with the rules of procedure, but plaintiff has chosen not to do so.  The court discharged the order to show cause after plaintiff appeared at the March 18, 2005, hearing, and the court also denied defendant's previous motion to dismiss for failure to prosecute.  The court now finds, however, in view of plaintiff's failure to comply with the orders of the court, that there is no less drastic sanction available, and that the case must be dismissed.  See also Ferdik Bonzelet, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (consideration of alternatives is satisfied where the court expressly warned that failure to abide by a court order will result in dismissal).

## CONCLUSION

In accordance with the foregoing, the court hereby GRANTS defendant's motion to dismiss this action for failure to prosecute.

**IT IS SO ORDERED.**

Dated:  February 7, 2006

PHYLLIS J. HAMILTON
United States District Judge

8